(C. D. 1926)

ENERGETIC WORSTED CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Dated October 22, 1957)

*William Whynman* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: Plaintiff has made application for permission to take testimony before trial, pursuant to rule 7 of the United States Customs Court, in a protest action against certain countervailing duties which were imposed by the Government on wool tops imported from Uruguay.

Rule 7 reads as follows:

Permission to take testimony before trial may be granted for good cause shown. Application for such permission must be filed with the clerk of the court and a copy thereof served upon the opposite party within the time fixed by the court or one of the judges.

Plaintiff asks permission to take the depositions of the following persons "upon all matters pertaining and relevant to the issues involved in the above-entitled case":

1. The Secretary of the Treasury of the United States, or any person designated by him as having knowledge of the facts and subject matter.

2. The Collector of Customs at Philadelphia, or any person designated by him as having knowledge of the facts and subject matter.

3. The U. S. Appraiser of Merchandise at Philadelphia, or any person designated by him as having knowledge of the facts and subject matter.

As is stated in rule 7, above, "Permission to take testimony before trial *may be granted for good cause shown.*" [Emphasis added.]

It is noted that the grant of permission to take testimony before trial is discretionary with the court and that the applicant is required to show good cause why the permission should be granted.

Plaintiff has not established that he is without knowledge of any bounty or grant paid or bestowed directly or indirectly upon the manufacture, production, or exportation of the imported merchandise from Uruguay (wool tops); nor has he established his inability to secure the information he desires from sources available to him. He has not indicated in his application or supporting affidavit the facts he desires to establish, the substance of the testimony he desires to elicit from the persons whose depositions he wishes to take and its relevancy to some issue in his protest.

Counsel for plaintiff, in his argument in support of his application for permission to take testimony before trial under rule 7 of the United States Customs Court, alluded to the rules on depositions and discovery of the United States District Courts and gave his views on how they should be considered by this court in interpreting rule 7. It is noted that rule 7 was first adopted by the United States Customs Court in 1926, T. D. 41941. It was amended in 1930 to permit one of the judges, in addition to the court, to fix the time within which application for permission to take testimony before trial must be filed with the clerk of the court. The Rules of the United States Customs Court were reissued in 1936 and 1949, but no change was made in rule 7 subsequent to 1930. The Federal Rules of Civil Procedure were not adopted until 1938.

It is felt that plaintiff has not *shown good cause,* as is required by rule 7 of this court, for it to grant his request to take testimony before trial, and his application is, therefore, denied, without prejudice to him to submit a new application consistent with this ruling.